IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No.: 16-cv-05771 |
| 5 STAR FLASH, INC., an Illinois corporation; E & E TAXI COMPANY, an Illinois corporation; BOULEVARD CORP., an Illinois corporation; MIKHALIA CABS SIX, INC., an Illinois corporation; BLUE RIBBON TAXI ASSOCIATION, INC., an Illinois corporation; SBJ CAB CO., an Illinois corporation; and CREATIVE MOBILE TECHNOLOGIES, LLC, a New York limited liability company; and VERIFONE,ENC., a Delaware corporation, each Individually and on behalf of others similarly situated, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## NOTICE OF REMOVAL

NOW COMES Defendant, CREATIVE MOBILE TECHNOLOGIES, LLC ("CMT"), by and through its attorneys, WILSON ELSER MOSKOWITZ EDELMAN & DICKER, and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005), and hereby removes to the United States District Court, Northern District of Illinois, Eastern Division, the above-captioned action, currently pending in the Circuit Court of Cook County, Illinois, Chancery Division, No. 2016 CH 5252 ("the State Court Action"). As grounds for removal, CMT states as follows:

### INTRODUCTION

1. On April 14, 2016, Plaintiff Scott D.H. Redman filed a putative Class Action Complaint against CMT, attached hereto as Ex. A. Plaintiff alleges that Defendants illegally imposed a surcharge on Plaintiff and putative Plaintiff class members for electronic

payments, including credit and debit card payments, a surcharge that is expressly prohibited by law. (Ex. A, ¶ 1). Plaintiff alleges that on at least one occasion, he paid the surcharge by swiping his credit card through a device provided by CMT. (Ex. A, ¶ 45). Plaintiff claims that CMT is the dominant provider of rear seat taxicab payment terminals in the City of Chicago through which CMT collects payments from consumers on behalf of drivers, licensees, and affiliations. (Ex. A, ¶ 46). Plaintiff alleges that on none of the foregoing occasions did any person or document in the taxicab in which Plaintiff was riding disclose that the extra fee imposed for electronic payment was illegal. (Ex. A, ¶ 48).

2. Specifically, Plaintiff's Class Action Complaint asserts claims for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1, *et seq.*); City of Chicago Municipal Code Section 9-112-600; and unjust enrichment.

3. Plaintiff's Class Action Complaint requests actual damages, punitive damages, attorneys' fees, costs, and disgorgement. (Ex. A, p. 11).

## GROUNDS FOR REMOVAL PURSUANT TO CAFA

4. To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." 28 U. S. C. §1446(a). CMT hereby removes the Class Action Complaint pursuant to the Class Action Fairness Act ("CAFA"), codified under 28 U.S.C. § 1332(d). CAFA vests United States District Court with original jurisdiction where, as here, a purported class action is filed in which there is (a) at least minimal diversity of citizenship, (b) 100 of more purported class members and (c) the aggregate amount in controversy for all class members exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2) and (5); *Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 617 (7th Cir. 2012) (stating, after identifying items (a) through (c), above, "[t]hat is sufficient [for jurisdiction under CAFA]"). Those requirements are satisfied in this action, as set forth below in more detail and established by the Class Action Complaint.

**Minimal Diversity Requirement of the Class Action Fairness Act**

5. In class actions, the requirement for diversity of citizen is relaxed. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 551 (2014). CAFA vests United States District Courts with original jurisdictions under 28 U.S.C. § 1332(d)(2)(A) where for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which (A) any member of a class of plaintiffs is a citizen of a State different from any defendant …"

6. This case satisfies the minimal diversity requirement of CAFA under part (A) because at least one member of the putative class is a citizen of a state different from at least one defendant. The lone named Plaintiff here, Scott D.H. Redman, is a resident of Illinois. (Ex. A, ¶ 2). CMT, the moving Defendant, is a citizen of New York. (Ex. "A", ¶ 16).

**Mass Action of 100 of More People Requirement of the Class Action Fairness Act**

7. This case satisfies the requirement that there be at least 100 purported class members for removal of a class action to federal court. Redman alleges that the "at least hundreds of people meet the definition of Plaintiff Class." (Ex. "A", ¶28)

**Amount in Controversy Requirement of the Class Action Fairness Act**

8. CAFA provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). The Supreme Court held in *Dart Cherokee Basin Operating Co. v. Owens* that a defendant's notice of removal need only contain a "plausible allegation" that the amount in controversy exceeds CAFA's $5 million jurisdictional minimum. 574 U.S. 135, 554 (2014). The defendant must submit evidence supporting the alleged amount in controversy only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

9. Plaintiff did not set a cap on recovery in the Class Action Complaint or otherwise indicate that the class would not seek more than $5 million in aggregate. Therefore, Plaintiff has held open the possibility that the damages award could exceed $5 million. In other words, it is plausible for the class as a whole to recover in excess of $5 million. *See Owens,* 135 S.Ct. at 554. Because CMT's maximum exposure could exceed $5 million, the amount in controversy requirement has been met.

## 28 U.S.C. § 1446 REMOVAL REQUIREMENTS ARE MET

10. 28 U.S.C. § 1446 governs the procedures for removal of civil actions. Defendant CMT has met all these procedural requirements. In accordance with § 1446(b), this Notice of Removal is being filed within 30 days of CMT receiving the copy of Plaintiff's Class Action Complaint.

11. The United States District Court, Northern District of Illinois, Eastern Division is part of the district and division where this action was originally filed, in Cook County, Illinois. This is the proper venue for removal. 28 U.S.C. § 1446(a).

12. A copy of all state process and pleadings served on CMT is attached to this Notice, including a copy of the Plaintiff's Class Action Complaint (Ex. A), the Summons (Ex. B), Plaintiff's Motion for Class Certification (Ex. C), and Plaintiff's Brief in Support of His Motion for Class Certification (Ex. D). 28 U.S.C. § 1446(a).

13. Pursuant to § 1446(d), a copy of this Notice of Removal is being timely filed with the Clerk of the Circuit Court of Cook County, Illinois, and is being served on all counsel of record. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

WHEREFORE, this action is hereby removed to the United States District Court for the Northern District of Illinois.

>Respectfully submitted,
>
>WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
>
>By: */s/* Kathleen McDonough
>*Attorneys for Defendant*
>Kathleen McDonough, Esq. (ARDC No. 6229813)
>kathleen.mcdonough@wilsonelser.com
>Lamis G. Eli, Esq. (ARDC No. 6308955)
>lamis.eli@wilsonelser.com
>WILSON ELSER MOSKOWITZ
>EDELMAN & DICKER LLP

Wilson Elser Moskowitz Edelman & Dicker LLP
55 W. Monroe Street, Suite 3800
Chicago, IL 60603
Telephone: (312) 704-0550
Facsimile: (312) 704-1522

2113736v.1