UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> 5 STAR FLASH, INC., an Illinois corporation; E & E TAXI COMPANY, an Illinois corporation; BOULEVARD CORP., an Illinois corporation; MIKHALIACABS SIX, INC., an Illinois corporation; BLUE RIBBON TAXI ASSOCIATION, INC., an Illinois corporation; SBJ CAB CO., an Illinois corporation; and CREATIVE MOBILE TECHNOLOGIES, LLC, a New York limited liability company; and VERIFONE, INC., a Delaware corporation, each individually and on behalf of others similarly situated, <br><br> Defendants. | No. 16 C 5771 <br><br> Judge Sara L. Ellis |

## OPINION AND ORDER

Scott D.H. Redman ("Redman") brought this putative class action suit against Defendants 5 Star Flash, Inc. ("Five Star"), E & E Taxi Company ("E & E"), Boulevard Corp. ("Boulevard"), Mikhalia Cabs Six, Inc. ("Mikhalia"), Blue Ribbon Taxi Association, Inc. ("Blue Ribbon"), SBJ Cab Co. ("SBJ"), Creative Mobile Technologies, LLC ("CMT"), and Verifone, Inc. ("Verifone") in the Circuit Court of Cook County. He alleges violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.*, or alternatively, unjust enrichment, arising out of Defendants' collection of an extra fee when Redman and the putative class members paid for their taxi fares by non-cash, electronic means. Redman seeks actual and punitive damages, in addition to attorneys' fees, costs, and

prejudgment interest. CMT removed the case pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Redman now moves to remand this case to the Circuit Court of Cook County. Because CMT has failed to provide a good-faith estimate that the amount in controversy meets CAFA's $5 million jurisdictional minimum, the Court remands this case to the Circuit Court of Cook County.

## BACKGROUND[1]

Redman, an Illinois resident and frequent taxicab rider, noticed an extra fifty cent charge on his taxicab receipt any time he paid his fare by credit or debit card. These fifty cent charges were often labeled "Fee" or "Tech." *See* Doc. 1-1 at 13 (sample copies of Redman's taxicab receipts). Redman incurred these charges while riding in taxicabs either licensed to or affiliated with 5 Star, E&E, Boulevard, Mikhalia, Blue Ribbon, and SBJ. He paid the fee on at least one occasion by swiping his credit or debit card through a device provided by CMT, the main provider of rear seat taxicab payment terminals in Chicago. Redman also paid the extra fee on at least one occasion by swiping his card through a device provided by Verifone.

The City of Chicago Municipal Code sets out the fares that taxicabs can charge. The City of Chicago's commissioner of business affairs and consumer protection has also adopted "Taxicab Medallion License Holder Rules" ("Taxi Rules"). Taxi Rule TX 5.07(f) requires taxicabs to process electronic forms of payment, and Taxi Rule 5.07(c) states that taxicabs "[m]ay not impose an extra fee or a surcharge for non-cash electronic forms of payment." Doc. 1-1 ¶ 25.

---

[1] The facts in the background section are taken from Redman's complaint and CMT's notice of removal and are presumed true for the purpose of resolving Redman's motion to remand. *See Denton v. Universal Am-Can, Ltd.*, No. 12 C 3150, 2012 WL 3779315, at *1 (N.D. Ill. Aug. 30, 2012).

## LEGAL STANDARD

A case filed in state court that could have been filed originally in federal court may be properly removed to federal court. 28 U.S.C. § 1441; *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). The removing party bears the burden of demonstrating that removal is proper. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). A case may be remanded for lack of subject matter jurisdiction or, if timely raised, for failure to comply with the removal statutes. 28 U.S.C. §§ 1446, 1447(c); *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 625–26 (7th Cir. 2013).

## ANALYSIS

### I. CAFA Jurisdiction

CAFA extends federal jurisdiction over purported class actions where (1) the proposed class consists of 100 or more members; (2) any member of the class is a citizen of a state different from any defendant (i.e., minimal diversity exists); and (3) the aggregate amount in controversy for all class members exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B). A "local controversy" exception exists, under which the Court should decline to exercise jurisdiction over a case where (1) more than two-thirds of the members of the proposed plaintiff class are citizens of the state in which the action was filed; (2) at least one defendant against whom significant relief is sought and whose actions form a significant basis for the class' claims is a citizen of that state; and (3) the principal injuries resulting from the alleged conduct of each defendant were incurred in that state. 28 U.S.C. § 1332(d)(4)(A). Redman argues that the Court should remand the case to state court because CMT, as the

removing party, has not carried its burden to establish the amount in controversy or that the local controversy exception does not apply.[2]

Redman's complaint did not demand a specific amount in damages or limit the amount he sought to recover on behalf of the putative class. As a result, CMT needed to include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" in its notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, --- U.S. ----, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014). In its notice of removal, CMT simply stated:

> Plaintiff did not set a cap on recovery in the Class Action Complaint or otherwise indicate that the class would not seek more than $5 million in aggregate. Therefore, Plaintiff has held open the possibility that the damages award could exceed $5 million. In other words, it is plausible for the class as a whole to recover in excess of $5 million. Because CMT's exposure could exceed $5 million, the amount in controversy has been met.

Doc. 1 ¶ 9 (citation omitted). Although the Court is to accept plausible jurisdictional allegations if not challenged, when challenged, the removing defendant must provide evidence to support the amount in controversy. *Owens*, 135 S. Ct. at 554. The Court then determines whether the jurisdictional facts have been proven by a preponderance of the evidence. *Id.* If so, then the plaintiff can defeat jurisdiction only if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

Redman argues that CMT's amount in controversy allegations do not even meet the plausibility standard because CMT merely sets forth that the amount theoretically could exceed

---

[2] Redman incorrectly argues that the burden to establish the inapplicability of the local controversy exception lies with CMT. *See Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 680 (7th Cir. 2006) ("[T]he party seeking to take advantage of the home-state or local exception to CAFA jurisdiction has the burden of showing that it applies."). The Court does not address the local controversy argument further, as it finds the amount in controversy issue dispositive.

4

$5 million without making any effort to calculate the amount, leaving that task to the Court or Redman. To the extent necessary, Redman also challenges whether CAFA's jurisdictional minimum is met, which would require the parties to produce evidentiary proof on the issue and the Court to determine whether CMT has shown the amount in controversy by a preponderance of the evidence. *Owens*, 135 S. Ct. at 554.

Regardless of whether analyzed as a pleading deficiency or as an issue of proof, CMT has not properly alleged or shown the amount in controversy to exceed $5 million and instead has left the amount open to speculation. Looked at from a pleading standpoint, "part of the removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). "That's the point of statements in [Seventh Circuit] decisions that the removing litigant must show a reasonable probability that the stakes exceed the minimum." *Id.* In its notice of removal, CMT did not provide any "good-faith estimate" to allow the Court to find its allegations concerning the amount in controversy exceeding $5 million plausible. *See Blomberg v. Service Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) ("A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence."). CMT merely relied on the fact that Redman did not cap the recovery he seeks as the basis for finding the amount in controversy met. This is not sufficient, particularly where any such stipulation capping the putative class' damages would not bind the class, *Standard Fire Ins. Co. v. Knowles*, --- U.S. ----, 133 S. Ct. 1345, 1349, 185 L. Ed. 2d 439 (2013); Redman's failure to cap recovery says nothing about the amount in controversy. CMT's allegations lack any type of quantification of potential damages, usually required to supply the "good-faith estimate" of the amount in controversy. *See, e.g.*, *ABM Sec. Servs., Inc. v. Davis*, 646 F.3d 475, 476 (7th Cir. 2011) (providing detailed

calculations in notice of removal of potential back pay damages and statutory penalty); *Blomberg*, 639 F.3d at 763–64 (providing estimate of amount in controversy supported by pleadings from other related lawsuits, counsel's affidavit, and list of employees). In its notice of removal, CMT did not even outline the "theoretical availability of certain categories of damages" that would help Redman and the putative class reach the required amount in controversy, although whether that would have been sufficient is an open question. *See Am. Bankers Life Assur. Co. of Fla. v. Evans*, 319 F.3d 907, 909 (7th Cir. 2003) (finding that, after plaintiff challenged the amount in controversy, pointing to the "theoretical availability of certain categories of damages" did not help defendant establish the required amount in controversy). The Court thus finds that CMT has failed to allege a plausible basis to conclude that the amount in controversy exceeds $5 million. *See Harter v. Gold's Gym Int'l Inc.*, No. 15-cv-896-DRH, 2015 WL 5467958, at *3 (S.D. Ill. Sept. 16, 2015) (finding defendant failed to carry its burden of establishing diversity jurisdiction where notice of removal and supplemental memorandum relied only on fact that plaintiff sought damages "in excess of $50,000" and "large sums of money" for treatment, without anything to support that plaintiff's "ankle injury is worth more than $75,000").

Alternatively, treating Redman's motion as an evidentiary challenge to the amount in controversy, CMT has not provided sufficient evidence to support that the amount in controversy exceeds $5 million. *See Owens*, 135 S. Ct. at 554. In its response, CMT criticizes the examples Redman uses in his motion to remand to demonstrate that CMT has not properly shown that the jurisdictional amount is met. But in doing so, CMT does not at the same time set forth its own calculation to support the $5 million requirement. Although it includes some figures for the number of taxicabs in the City and travelers at O'Hare, in addition to ratios that could be used for

punitive damages awards, CMT does not take the extra step to suggest how these numbers could be used to reach the $5 million amount for the putative class' claims. Having had the opportunity to provide the Court with additional support, to which CMT should have access as the "dominant provider of rear seat taxicab payment terminals in the City of Chicago" over the time period at issue, Doc. 1-1 ¶ 46, CMT instead rests on its bare allegation that the amount in controversy must exceed $5 million because Redman has not stipulated to the contrary and instead only provided unrealistic damages estimates in his motion to remand. As discussed above, this is not sufficient to find that the amount in controversy is met. Because CMT has not properly established that the Court has jurisdiction over the case under CAFA, the Court remands the case to the Circuit Court of Cook County.

## II. Request for Fees and Costs

Redman asks the Court to award him his attorneys' fees and costs related to his efforts to obtain remand pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Attorneys' fees may be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). The Court should award fees "if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal," but "if clearly established law did not foreclose a defendant's basis for removal," fees should not be awarded. *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). Though CMT did not meet its burden with respect to CAFA's amount in controversy requirement, this does not mean CMT did not have a reasonable basis for removal but only that its allegations and subsequent attempt to support those allegations

7

fell short of establishing the Court's jurisdiction.  Therefore, the Court declines to impose a fee award in this case.

## CONCLUSION

For the foregoing reasons, the Court grants Redman's motion to remand [14] and remand this case to the Circuit Court of Cook County.

Dated: October 5, 2016

SARA L. ELLIS
United States District Judge